UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23367-GAYLES

**NABIL HASCHEMIE**, *et al.*,
**individually and on behalf of all others similarly situated,**

  Plaintiffs,

v.

**DIAGEO NORTH AMERICA, INC.**, *et al.*,

  Defendants.

                    /

## ORDER

**THIS CAUSE** comes before the Court on Defendant Diageo North America's Renewed Motion to Transfer or, in the Alternative, to Stay in Favor of First-Filed Action (the "Motion"). [ECF No. 28].[1] In their Motion, Defendants argue that this case should be transferred to the United States District Court for the Eastern District of New York. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

I. **BACKGROUND**

 A. The New York Action

On May 5, 2025, Avi Pusateri, Sushi Tokyo Inc., and Chaim Mishulovin filed a purported class action complaint against Diageo North America, Inc. ("Diageo NA") in the United States District Court for the Eastern District of New York. *Pusateri v. Diageo N. Am., Inc.*, No. 25 Civ. 2482 (E.D.N.Y.) (the "New York Action"). On September 12, 2025, those plaintiffs[2] filed an

---

[1] All Defendants joined for the Reply to the Motion to Transfer. [ECF No. 44]. As such, Defendants are referred to in the plural in the Order.
[2] Additional plaintiffs were added to the New York Amended Complaint: Sushi Tokyo Miami LLC, David Felton,

1

Amended Complaint, alleging unjust enrichment and several state law claims[3] alleging that Diageo NA falsely marketed its tequila as 100% agave. The plaintiffs brought that action on behalf of consumers who purchased Diageo NA's tequila products during the applicable statute of limitations period in New York, New Jersey, Florida, Colorado, Maryland, Pennsylvania, Illinois, and Texas.

### B. The Florida Action

On May 15, 2025, Plaintiff Nabil Haschemie ("Haschemie") filed a class action complaint against Diago NA in the Eleventh Judicial Circuit of Florida (the "Florida Action"). [ECF No. 1-1]. On July 28, 2025, Diageo NA removed the action to this Court. On August 18, 2025, Haschemie, along with Francisco Javier Barberi, Alex Katz, Jeffrey Schneider, Bryan Armbruster, Samuel Gemus, Justin Frank Harkness, Leo Suarez, and Jonathan McDonald, (collectively "Plaintiffs") filed an Amended Complaint against Diageo NA, Diago Beer Company USA ("Diageo BC"), and Diageo Americas, Inc. ("Diageo Americas") (collectively "Defendants"), also alleging that Defendants misrepresented that their tequilas are made from 100% agave. [ECF No. 23]. The instant Amended Complaint sets forth claims for common law negligence (Count I), negligent misrepresentation (Count II), unjust enrichment (Count III), and violations of several state consumer protection laws (Counts IV – XV).[4] Plaintiffs assert their claims on behalf of a

---

Barry Wilhelm, Shannon Wilhelm, Tracy Cole, Nelson Njoroge, Antoine Doxon, Tiease Holmes, Dyonnesha Woolfolk, and Troy Reece.

[3] The state law claims include violations of: New York's Deceptive Acts and Practices Law (Count I), New York's False Advertising Law (Count II), the New Jersey Consumer Fraud Act (Count III), the Florida Deceptive and Unfair Trade Practices Act (Count IV), the Colorado Consumer Protection Act (Count V), the Maryland Consumer Protection Act (Count VI), the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count VII), the Illinois Consumer Fraud and Deceptive Business Practices Act (Count VIII), and the Texas Deceptive Trade Practices and Consumer Protections Act (Count IX).

[4] Plaintiffs' state law claims include violations of the Florida Deceptive and Unfair Trade Practices Act (Count IV), Hawaii's False Advertising Law (Count V), Hawaii's Unfair Competition Law (Count VI), the Louisiana Unfair Trade Practices and Consumer Protection Act (Count VII), the Illinois Consumer Fraud and Deceptive Business Practices Act (Count VIII), California's Consumers Legal Remedies Act (Count IX), California's False Advertising Law (Count X), California's unfair competition law (Count XI), the Colorado Consumer Protection Act (Count XII), the Texas Deceptive Trade and Practices Act (Count XIII), the Georgia Fair Business Practices Act (Count XIV), and the

nationwide class and subclasses in Florida, Hawaii, Louisiana, Illinois, California, Colorado, Texas, Georgia, and Pennsylvania. The class is defined as all consumers who have purchased falsely marketed tequila from Defendants' Casamigos and Don Julio tequila brands (the "Products") during the applicable statute of limitations period. On August 29, 2025, Defendant Diageo NA filed the Motion[5] arguing this action should be transferred to the Eastern District of New York given the similarity between the New York Action and the Florida Action.

## II. LEGAL STANDARD

A district court has "broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551–52 (11th Cir. 1986). The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, "the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Casualty Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). The rule's "strong presumption" in favor of the first-filed forum turns on whether the two actions involve "overlapping issues and parties[.]" *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

The cases need not be identical to find sufficient overlap. Rather, courts in this Circuit analyzing the rule have primarily considered three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See e.g.*, *Zampa v. JUUL Labs, Inc.*, No. 18-25005-CIV, 2019 WL 1777730, at *2 (S.D. Fla. Apr. 23, 2019); *Glasgo v. Uber Techs., Inc.*, No. 8:19-CV-97-T-33AAS, 2019 WL 1998326, at *1 (M.D. Fla. May 3, 2019). The relevant inquiry then is whether the issues and parties are sufficiently similar in light of the rule's

---

Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count XV).
[5] The Court granted the parties' joint motion to vacate deadlines and allowed Defendants to file a Renewed Motion to Transfer in light of the Plaintiffs' filing of the Amended Complaint.

primary purpose—"conserv[ing] judicial resources and avoid[ing] conflicting rulings." *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998) (citation omitted).

Once a court determines enough overlap, the party objecting to jurisdiction in the first-filed forum "carr[ies] the burden of proving compelling circumstances to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (internal citation omitted). When a plaintiff fails to do so, the "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1325 (S.D. Fla. 2012) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999)).

## III. DISCUSSION

The first-filed rule supports transfer here. It is undisputed that the New York Action was filed first. Therefore, the chronology of the cases supports transfer. In addition, both the Florida Action and the New York Action share one of same Defendants, address the same issues, and propose sufficiently similar classes.

### A. Similarity of Parties

Plaintiffs argue that the New York Action doesn't name Diageo BC and Diageo Americas as Defendants unlike the Florida Action and, as such, the parties are not sufficiently similar. The Court disagrees. Transfer can be warranted even if one action names additional Defendants. *See Cole v. United Health Ins. Co.*, No. 19-cv-21258, 2019 WL 13256100, at *3 (S.D. Fla. Oct. 28, 2019) (finding parties are sufficiently similar and that "it is unimportant that the Original Action alleges two additional defendants acted in concert with Defendant"); *Women's Choice Pharmaceuticals, LLC, v. Rook Pharmaceuticals, Inc.*, No. 16-CV-62074, 2016 WL 6600438, at *3 (S.D. Fla. Nov. 8, 2016) (finding transfer warranted notwithstanding the defendant being absent

4

from the original action); *see generally Rudolph & Me, Inc. v. Ornament Cent., LLC*, No. 8:11-CV-670-T-33EAJ, 2011 WL 3919711, at *2 (M.D. Fla. Sept. 7, 2011) ("[A] precise identity of the parties is not required."). Both the Florida Action and the New York Action name Diageo NA as a Defendant. Additionally, Diageo BC, and Diageo Americas are wholly owned subsidiaries of Diago NA. Therefore, Plaintiffs' objection is without merit.

Plaintiffs also argue that since the defined class in the Florida Action is broader than the New York Action, the parties are not substantially similar. Defendants argue that while the named Plaintiffs are different, both classes seek to represent classes of consumers who purchased Casamigo or Don Julio brand tequila during the relevant limitations period. Defendants also argue that the nationwide class in the Florida Action overlaps with the class in the New York Action. The Court agrees with Defendants.

Courts in this district have routinely transferred putative class actions under the first-filed rule where the original action's proposed class—if certified—has substantial overlap with the second action's class. *See Reyes v. Trans Union, LLC*, No. 24-CV-21045, 2024 WL 4751408 (S.D. Fla. Nov. 12, 2024) (finding two class actions substantially similar when the proposed class and certified class significantly overlapped); *Banegas v. Procter & Gamble Co.*, No. 0:16-CV-61617, 2016 WL 5940104, at *1 (S.D. Fla. Sept. 28, 2016) (finding two class actions substantially similar and granting transfer). Because courts compare proposed classes rather than named plaintiffs, that the latter are not the same "is inconsequential[.]" *Zampa*, 2019 WL 1777730, at *4. The New York Action includes plaintiffs from New York, New Jersey, Florida, Colorado, Maryland, Pennsylvania, Illinois, and Texas. *Pusateri v. Diageo N. Am., Inc.*, No. 25 Civ. 2482 (E.D.N.Y.) [ECF No. 23]. In the Florida Action, the plaintiffs are individuals from Florida, Hawaii, Louisiana, Illinois, California, Colorado, Texas, Georgia, Pennsylvania, and seek to represent a nationwide

class. As such, both parties include plaintiffs from Florida, Colorado, Pennsylvania, and Illinois, and the nationwide class by definition includes plaintiffs from all states. Additionally, both classes seek to represent consumers that have purchased falsely marketed tequila from Diageo NA during the applicable statute of limitations period. Therefore, the Court finds the parties are sufficiently similar for the purposes of the first-filed rule.

### B. Similarity of Issues

As with parties, the first filed rule does not require the issues involved to be identical, "only that they are sufficiently similar[] or substantially overlap." *Vital Pharms., Inc. v. PhD Mktg., Inc.*, No. 0:20-CV-60993-WPD, 2020 WL 6162794, at *2 (S.D. Fla. July 28, 2020). Defendants argue that the New York Action and the Florida Action rely on the same essential factual allegations: that Diageo NA and/or its subsidiaries falsely marketed its Casamigos and Don Julio brand tequilas as 100% agave, while testing showed the products did not meet those standards. Additionally, Defendants argue that the operative complaints in both actions cite the Mezcalistas website to support their claim of tequila adulteration. Defendants also note that several paragraphs in the Florida Amended Complaint are almost identical to the New York Complaint. [ECF No. 28 at 18–19]. Plaintiffs do not dispute that "some overlapping facts exist." [ECF No. 34 at 4]. However, Plaintiffs argue that the Florida Action is broader because they allege nationwide claims for common law negligence, negligent misrepresentation, and unjust enrichment, as well as state-specific claims.

The Court agrees with Defendants. Both actions have the same core factual allegations, and the fact that some of the claims for relief are brought under different state laws does not mean the issues do not substantially overlap. *See Kelly v. Gerber Prods. Co.*, No. 21-60602-CIV, 2021 WL 2410158 (S.D. Fla. June 11, 2021) ("[W]hether cases are substantially similar is a question of

substance rather than form . . . [a]s long as the underlying facts are the same . . . the fact that the two complaints allege violations of different . . . laws is not enough to render them substantially dissimilar for purposes of the first-to-file analysis."); *Peterson v. Aaron's, Inc.*, No. 1:14-CV-1919-TWT, 2015 WL 224750, at *3 (N.D. Ga. Jan. 15, 2015) ("Indeed, '[f]inding an insubstantial overlap because of the fact that the claims are asserted under different . . . laws would defeat the judicial efficiency rationale undergirding the first-filed rule.'" (internal citation omitted)); *Banegas v. Procter & Gamble Co.*, No. 0:16-CV-61617, 2016 WL 5940104, at *1 (S.D. Fla. Sept. 28, 2016) (granting transfer when "the issues to be addressed by the court in each lawsuit are essentially identical—claims of unjust enrichment, breach of express warranty, and state consumer protection law violations. The only difference is the application of California versus Florida substantive law. . . ."). As the Court finds that the issues in the Florida Action and New York Action are substantially similar, transfer is warranted.

### C. Compelling Circumstances

As both actions' parties and issues are sufficiently similar, the first-filed rule presumptively applies. The burden thus falls to Plaintiffs to establish compelling circumstances that would justify separately litigating this largely duplicative action. *See e.g.*, *Pompano Imports, Inc. v. BMW of North Am., LLC*, No. 15-23491-CIV, 2015 WL 12556151, at *2 (S.D. Fla. Nov. 10, 2015) (finding compelling circumstances when plaintiff "unilaterally manipulate[d] the timing of its filings"); *Collegiate Licensing Co.,* 713 F.3d at 79 (finding a compelling circumstance when "one party, on notice of a potential lawsuit, file[d] a declaratory judgment action in its home forum").

Plaintiffs present no compelling circumstances warranting departure from the rule, arguing instead that the balance of convenience and equity weigh against transfer under 28 U.S.C. § 1404(a). However, "a motion to transfer pursuant to the first-to-file rule does not depend on the

presence or absence of the § 1404(a) considerations." *Young v. West Pub. Corp.*, No. 09-22426-CIV, 2010 WL 11597583, at *2 (S.D. Fla. Jan. 6, 2010) (citing *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690–91 (E.D. Tenn. 2005)). To be sure, "application of the first-to-file rule is dispositive." *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013). Because the Court finds transfer is appropriate under the first-filed rule, it declines to address transfer pursuant to 28 U.S.C. § 1404(a).

## IV. CONCLUSION

The Court finds sufficient cause to transfer this action, especially given the likelihood of unnecessary duplication of litigation for the parties, the danger of inconsistent rulings, and the interests of sound judicial administration and judicial economy for the federal court system.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Defendants' Renewed Motion to Transfer, [ECF No. 28], is **GRANTED**;

(2) this action is **TRANSFERRED** in its entirety to the United States District Court for the Eastern District of New York; and

(3) the case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE